Norman Leo REID, Petitioner,

v.

Robert R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.

No. A–13077.

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1962.

Norman Leo Reid, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

PER CURIAM.

The record before us reflects defendant was confined in the Oklahoma State Penitentiary on the 17th day of February, 1961, and is now restrained of his liberty by reason of a judgment and sentence made and entered on the same date, where defendant plead guilty to the crime of armed robbery, and sentenced to a term of 10 years in the Oklahoma State Penitentiary.

Petitioner seeks by way of writ of habeas corpus his release from the penitentiary upon the sole grounds that he was insane at the time of his plea and could not have been responsible for his plea or acceptance of the judgment and sentence.

In the opinion of this court this does not constitute a matter that is to be raised in a habeas corpus proceeding.

The court said in the case of Hanger v. Raines, Okl.Cr., 357 P.2d 251:

"A habeas corpus proceedings is not available to review the question of whether one detained under a sentence entered upon a plea of guilty in a prosecution for the crime of indecent acts toward a minor child under the age of 14 years after former conviction of a felony, was insane at the time of the commission of the offense.

"The question of insanity at the time of the commission of an offense as a defense to a criminal prosecution therefore, must be raised at the trial and determined by the jury upon the evidence relevant thereto."

The question raised by petitioner should have been raised at the time of judgment and sentence or by motion to set aside the judgment and sentence or by direct appeal, not by habeas corpus.

The writ is therefore denied.